## STATE OF CONNECTICUT *v.* MARVIE BRYE
## (15296)

Peters, C. J., and Callahan, Norcott, Katz and Palmer, Js.

Argued February 13—decision released March 5, 1996

*Richard M. Marano,* for the appellant (defendant).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Corinne Klatt,* supervisory assistant state's attorney, for the appellee (state).

---

PER CURIAM. The sole issue in this certified criminal appeal is whether the record provides a factual basis for a new trial on the ground of jury misconduct because of inferentially racist remarks made during jury deliberations. The state charged the defendant, Marvie Brye, with escape in the first degree in violation of General Statutes § 53a-169 (a) (2).[1] A jury found the defendant guilty as charged, and the trial court accepted the verdict of the jury.

The defendant filed a motion for a new trial in which, relying on the affidavit of one juror, he alleged that the jury deliberations in his case had been unconstitutionally tainted by racially discriminatory remarks made by other jurors. The juror who submitted the affidavit did not allege that she had heard overtly racist remarks. Instead, she claimed that racism had been implicit in several facially nonracist derogatory characterizations of the defendant that had been offered by other jurors during the jury's deliberations.

The trial court properly conducted a hearing to inquire into the merits of the defendant's motion. See *State* v. *Brown*, 235 Conn. 502, 526–29, 668 A.2d 1288 (1995); *State* v. *Rodriguez*, 210 Conn. 315, 326–27, 554 A.2d 1080 (1989); see also Practice Book § 871. The trial court heard the testimony of the affiant and of one of the jurors who, according to the affiant, had made implicitly racist remarks. As a result of that hearing, the trial court expressly found that the negative characterizations of the defendant during the jury's deliberations "were not the fruit of jurors with racist minds." Accordingly, the trial court denied the defendant's motion for a new trial.

---

[1] General Statutes § 53a-169 provides in relevant part: "Escape in the first degree: Class C felony. (a) A person is guilty of escape in the first degree . . . (2) if he escapes from any . . . community residence to which he was transferred pursuant to subsection (e) of section 18-100 . . . ."

The defendant appealed to the Appellate Court, which issued a per curiam decision affirming the judgment of the trial court. *State* v. *Brye*, 37 Conn. App. 914, 915, 655 A.2d 819 (1995). We granted the defendant's petition for certification to appeal, limited to the jury misconduct issue.[2]

A motion for a new trial requires the trial court to exercise appropriate judicial discretion. On appeal, the appropriate standard of review is abuse of discretion. *State* v. *Hammond*, 221 Conn. 264, 269–70, 604 A.2d 793 (1992). Although the state may have the burden of rebutting a defendant's plausible claim that juror bias violated his constitutional right to a fair trial; *State* v. *Rodriguez*, supra, 210 Conn. 326; but see *Asherman* v. *State*, 202 Conn. 429, 442, 521 A.2d 578 (1987); a necessary predicate for imposing any such burden on the state is a finding that juror bias had, in fact, existed. In this case, the trial court expressly found the contrary. Our review of the record persuades us that the finding of the trial court was not clearly erroneous. The Appellate Court therefore properly concluded that the trial court had not abused its discretion in denying the defendant's motion for a new trial.

The judgment is affirmed.

---

[2] We granted the defendant's petition for certification to appeal, limited to the following issue: "Was the Appellate Court correct in holding that the trial court did not abuse its discretion in failing to order a new trial when during jury deliberations several jurors made allegedly improper remarks about the defendant who is African-American?" *State* v. *Brye*, 234 Conn. 916, 916–17, 661 A.2d 97 (1995).